The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Ave., STE 205,
Scranton, PA 18503
Phone: (570) 319-6642

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony Casarella, | Electronically Filed |
| Plaintiff, | NO.: |
| vs. | Judge: |
| Northeast Eagle Distributors, | Civil Action Law: |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes the Plaintiff, Anthony Casarella, by and through his attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

## I. INTRODUCTION

1. Plaintiff initiates this action to seek redress against Northeast Eagle Distributors, (hereinafter "Defendant"), his former employer, for unlawful age discrimination, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), the Pennsylvania Human Relations Act (PHRA), and other applicable laws.

## II. PARTIES

2. Plaintiff is an adult and competent individual residing at 42 Breese Street, Wyoming, PA 18644.

3.    Defendant, Northeast Eagle Distributors, is a beer distributor licensed by the state of Pennsylvania with a principal place of business at 1000 S Township Blvd, Pittston, PA 18460.

### III. JURISDICTION

4.    Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act, as it engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.    Defendant is an "employer" within the meaning of the PHRA, as it had 4 or more employees at all times relevant hereto.

6.    Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.    Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendants can be served in the District.

8.    This court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.SC. § 1367.

9.    Plaintiff has exhausted his administrative remedies with the EEOC, the matter having pended with the EEOC for more than 60-days.

10.    Plaintiff has exhausted his administrative remedies with the PHRC, the matter having pended with the PHRC for more than one year.

IV. FACTUAL BACKGROUND

11.    Plaintiff began his work with the Respondent on or around September 7, 2010, and was employed as a full-time salesperson.

12.    Plaintiff was born in 1959 and is currently 66 years of age.

13.    Prior to his termination, Plaintiff discussed with Vice President of the company, Ray DiPietro, that he would be going on Medicare, after his 65th birthday.

14.    On September 11, 2024, within days of his 65th birthday, Plaintiff's employment was terminated by Defendant.

15.    Plaintiff was, at the time of his termination, qualified for the position of sales manager, having held that position with Defendant for approximately 14 years, without having received a Performance Improvement Plan, or any other form of discipline, prior to his termination.

16.    Plaintiff was replaced by someone approximately 25 years of age.

**COUNT I**

**AGE DISCRIMINATION IN EMPLOYMENT ACT**

17.    Paragraphs 1 through 16 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

18.    Plaintiff was at all times relevant hereto a member of the suspect class, being 40 years of age or older at all times relevant hereto.

19.    Plaintiff was at all times qualified for the position of sales manager, by virtue of his training, experience, and satisfactory job performance.

20.     Plaintiff has been replaced by a person more than 30-years younger than Plaintiff, giving rise to an inference of age discrimination.

21.     Plaintiff's termination was motivated by his age.

22.     The employer did not have a legitimate, non-discriminatory reason for Plaintiff's termination.

23.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT II

## PENNSYLVANIA HUMAN RELATIONS ACT

24.     Paragraphs 1 through 23 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

25.     The forgoing conduct by the Defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

26.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in his favor as follows:

a.     The Defendant be permanently enjoined form permitting ADEA discrimination against the Plaintiff;

4

b.    The Defendant be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting ADEA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c.    The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom and be ordered to promulgate an effective policy against such illegal practices;

d.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make him whole for any and all pay and benefits he would have received had it not been for Defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

e.    Plaintiff is to be awarded actual damages caused to him by Defendant's actions;

f.    Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the Defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

g.    Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

h.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law;

i.    Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage in

further, or ceases engaging in, illegal retaliation against witnesses to this action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.


By:    s/Gerald J. Hanchulak

Gerald J. Hanchulak, Esq.

Attorney ID PA 56320

Attorneys for Complainant

345 Wyoming Ave., STE 205,

Scranton, PA 18503

(570) 319-6642

ghanchulak@hanchulaklaw.com